John M. Murtagh, J.
This is an article 78 proceeding in which petitioner challenges the ‘ ‘ Decision after Hearing ’ ’ issued by respondent as Commissioner of the New York State Department of Social Services, holding that the petitioner’s needs for clothing, household equipment and furniture were and are appropriately provided for by the cyclical grants made to petitioner and her three children under the simplified payment system of the New York City Department of Social Services.
The undisputed facts are: petitioner, a recipient of public assistance, in May of 1968 requested from the New York City Department of Social Services items of clothing, household equipment and furniture. This request for a special grant was renewed in August of 1968. Although an investigation of these requests was initiated, no action was taken by the local agency. There is no showing that petitioner’s needs were not verified on investigation and there is some indication that they were verified. On or about August 27,1968 a simplified payments system was approved for New York City, which provided for quarterly cyclical grants in the amount of $25 per family member to replace the previous system of special grants. On August 30, 1968 and on December 8,1968, petitioner received cyclical grants of $100 each.
*651 Respondent on April 9,1969 issued his “ Decision after Hearing ” in which he held that the new system of cyclical grants made appropriate provision for the items previously requested by petitioner, despite petitioner’s contention that said grants were insufficient, Petitioner attacks this determination on the ground that it constitutes an error of law.
Admittedly petitioner’s application for a special grant was made several months prior to the effecting of the new system of cyclical payments. The delay of the New York City Department of Social Services in effectively acting upon said application, occasioned the utilization by that department of the new system. However, nothing has been shown which would mandate a nullification of the rights and privileges appertaining to petitioner in respect of the prior system, especially in view of the apparent merit of her original application. This is not a situation where respondent is sought to be penalized. In connection with the aforesaid the court duly notes the salutary direction in the Federal Handbook of Public Assistance Administration requiring prompt processing of applications (part IV, §§ 2100, 2200 and 2300; see, also, part IV, § 6200[k]).
Accordingly the petition is granted to the extent that the respondent’s determination is annulled and the proceeding is remanded with a direction that respondent process petitioner’s application for a special grant in accordance with the foregoing, allowing credit for the payments already made under the cyclical system.